**In re Raymond T. BEZARES, Marci J. Bezares, Debtor(s).**

**No. 9:07–bk–06636–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 23, 2007.

*ORDER ON TRUSTEE'S OBJECTION
TO CLAIM OF EXEMPTION*

**(Doc. No. 8)**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The Florida Legislature in its last session passed Senate Bill 2118 modifying and

codifying Section 222.25 of the Florida Statutes.

The relevant Florida Statute § 222.25(4) provides:

**222.25 Other individual property of natural persons exempt from legal process.**—The following property is exempt from attachment, garnishment, or other legal process:

. . . .

(4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support.

It took no time to raise the issue as to the scope of this amendment. That is, whether the increase is limited to $4,000 or if it is in addition to the existing current $1,000 exemption provided for by Article X, Section 4(a)(2) of the Florida Constitution, thus increasing the total amount to $5,000. This is precisely the issue presented for this Court's consideration in this case of Raymond T. Bezares and Marci J. Bezares (Debtors).

Mr. Bezares claimed $5,000 as personal property exemption. Not surprisingly, Ms. Jensen, the Trustee in this Chapter 7 case, challenged this claim contending that, by virtue of the amendment to FLA. STAT. § 222.25 (2007), the maximum allowable personal property exemption claim is $4,000. She argued that the personal property exemption provided for in the amendment is not in addition to the existing $1,000, making the total $5,000. Rather, it is an increased exemption that provides additional benefit (an additional $3,000) for those not claiming a homestead exemption. Neither counsel for the parties nor the Court has been able to locate any relevant interpretation of this change

and the scope of the amendment in any case in the State of Florida.

The Trustee, in support of her objection, relies on the legislative history of FLA. STAT. § 222.25 which, according to the Trustee, leaves no doubt that the legislature intended that the amendment fix the maximum personal property exemption at $4,000 which includes the previous $1,000 exemption provided by the Florida Constitution.

Counsel for the Debtor had no authority to cite in support of his position, but relies on the well-established principle that the legislature has no power to abrogate, alter or amend any provisions of the Constitution. Notwithstanding, this Court initially opined that while recognizing the validity of the principle, it was not applicable to the current situation and proceeded to consider the text of the amendment and its legislative history.

■ A plain reading of the legislative history supports the initial conclusion urged by the Trustee that the amendment intended to fix the maximum allowable exemption on personal property to $4,000.

As stated in the Florida Senate Professional Staff Analysis and Economic Impact Statement:

. . . .

**III. Effect of Proposed Changes:**

. . . The bill also increases the amount of personal property exempt from creditor claims, which is owned by persons without homestead property. . . .

**Property Exempt from Creditor Claims**

The bill amends s. 222.25, F.S., to increase to $4,000 from $1,000 the amount of personal property exempt from creditor claims for persons who do not own homestead property. The exemption for persons with homestead

property will remain at $1,000 as provided in the Florida Constitution. . . .

*Fla. S. Prof'l Staff Analysis and Econ. Impact Statement* CS/SB 2118(2007).

A cursory reading of this Section indicates that the Debtor's interest in personal property claimed as exempt cannot exceed $4,000 if a debtor does not claim or receive the benefits of a homestead exemption as provided in the Florida Constitution.

 However, upon reflection, this Court is now satisfied that while the amendment as written would warrant the conclusion that the amount stated is a cap which includes indirectly the previous personal property exemption of $1,000, it must recognize the principle contended by the Debtor in its entirety. That is, that the legislature has no power to amend or alter a constitutional provision. The only method by which the Florida Constitution can be altered or amended is by virtue of Article XI, Section 5 of the Florida Constitution. Therefore, it is the judgment of this Court that the statutory amendment of the exemption as urged by the Trustee would in fact be a violation of the Constitution of the State of Florida which prohibits its amendment except by the method as provided for by the Florida Constitution pursuant to Article XI, Section 5.

Based on the foregoing, this Court is satisfied that the Debtor's position is correct and the amendment to FLA. STAT. § 222.25 added $4,000 to the previous $1,000 making a total of $5,000 as the allowable amount of the personal property exemption available to a person who does not own homestead property or claim a homestead exemption.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption (Doc. No. 8) be, and the same is hereby, overruled and the Debtor's $5,000 personal property exemption is allowed as claimed.